In the Matter of the Claim of RAYMOND G. CONNOR, Respondent, against BETHLEHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board for reduced earnings. Appellant contends that the reduction of claimant's weekly earnings during the 10 weeks' period covered by the award was not attributable to the compensable injury sustained four years before but was due rather to economic conditions which required the work week in the shop where claimant was employed to be reduced from five days to four. The accident occurred in 1954 and resulted in a low back sprain. After some months of disability the assistant plant surgeon reported partial disability and stated that because of the severity of the strain and an underlying osteoarthritis associated with claimant's age he could not return claimant to his regular work of babbitting bearings which required him to lift and handle objects weighing 50 to 100 pounds. Accordingly claimant was given "selected work" not involving heavy lifting or other arduous labor. It is conceded that claimant's partial disability continues. At the time of the accident claimant's earnings as a bearing man were $95.45 per week. Thereafter, at selected work, his earnings were less and he received compensation on the basis of reduced earnings for various intervals until June, 1957. Thereafter, by reason of a general wage increase, his earnings exceeded his preaccident rate of $95.45 until January, 1958, when his weekly wage dropped below that sum on reduction of the work week in the shop where he was employed from five days to four. The award for reduced earnings followed and is contested on this appeal. The award to claimant is for "sixty-six and two-thirds per centum of the difference between his average weekly wages [at the time of the accident] and his wage-earning capacity thereafter". (Workmen's Compensation Law, § 15, subd. 3, par. v.) Claimant's "wage earning capacity" is to "be determined by his actual earnings". (Workmen's Compensation Law, § 15, subd. 5-a.) Appellant quite correctly asserts that the diminution in wage-earning capacity must be shown to have resulted from the accidental injury and that reduced earning capacity or loss of employment due solely to economic factors is not compensable. (*Matter of Haynos* v. *American Brass Co.*, 8 A D 2d 870.) Here, however, there is substantial evidence that the disability did in fact cause the reduced earnings since it required that claimant be assigned to

a lower paid job classification with the result that, despite a later wage increase, claimant's wages fell below the amount he had earned before the accident in the better paying job. It is to be noted that, as the board properly found, the wage increase "was brought about by union negotiations, rather than an increase in earning capacity on the part of the claimant." Claimant testified that the men engaged in the higher paid babbitting work which he had previously performed received a wage increase at the time that he did. The award has ample support in authority. (*Matter of Croce* v. *Ford Motor Co.*, 307 N. Y. 125; *Matter of Wood* v. *Seneca Iron & Steel Co.*, 246 App. Div. 871, affd. 271 N. Y. 642.) Indeed, the *Wood* case, as appears from the memorandum decision of this court, is directly in point and was cited and approved in the more recent *Croce* case (*supra*, p. 129). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.